**Linda M. GOODLATAW, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–4541.**

Court of Appeals of Alaska.

Feb. 26, 1993.

---

■■■■■■■■■■■■■■■■

Michael Dieni, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

David G. Berry, Asst. Dist. Atty., Kenneth J. Goldman, Dist. Atty., Palmer, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Linda M. Goodlataw pleaded no contest to driving while intoxicated, AS 28.35.-030(a), after the district court denied her motion to suppress the evidence against her. When she entered her plea, Goodlataw reserved the right to appeal the district court's decision of her suppression motion. *See Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). We affirm.

■ Goodlataw was arrested and charged with driving while intoxicated after State Trooper Bruce Heck stopped her car and administered intoxication tests to her. Goodlataw claimed that Heck had had insufficient basis for stopping her. At the evidentiary hearing, Heck testified that he had been on duty at the Glennallen trooper post in the early morning of February 26, 1992, when he received a telephone call from a woman who told him that Linda Goodlataw had just left the caller's house in Copper Center. The caller said that Goodlataw was driving home to Tazlina, and she told the trooper that Goodlataw had had quite a bit to drink and was intoxicated. Heck asked the caller for her name, but she declined to give it.

Heck was acquainted with Goodlataw and knew the car she drove. Heck asked the caller if Goodlataw was driving her usual gray Chevrolet sedan; the caller said yes.

Acting upon this information, Heck left the trooper post and began driving toward Copper Center. As he reached the highway exit for Copper Center, he saw Goodlataw's car approach the exit and make a turn toward Tazlina. Heck turned his vehicle around and followed the car. He tried to observe the way the driver was handling the car, but heavy snow and blowing wind hampered his vision and made this impossible. Despite his inability to observe any instance in which the driver's driving was noticeably impaired, Heck decided to stop the car. Goodlataw was in fact the driver. Heck gave her field sobriety tests and, based on her performance, Heck arrested her.

Judge Glen C. Anderson upheld the trooper's actions, relying on this court's decision in *Effenbeck v. State*, 700 P.2d 811 (Alaska App.1985). In *Effenbeck*, this court upheld a traffic stop under similar facts. Kenai had begun a community program that encouraged people to report drunk drivers. Prompted by this program, a citizen called the police to report an intoxicated driver; the citizen described the suspect vehicle and its location. Under the

guidelines of the program, the citizen was not asked to give his name to the authorities. A police officer who responded to the citizen's call found the described vehicle and pulled it over, even though the officer had seen no impaired driving. *Id.* at 812.

On appeal, Goodlataw argues that there are "subtle" differences between the facts of her case and the facts of *Effenbeck.* She asserts that there is less reason to believe that the anonymous informer in her case was a disinterested "citizen informer", and that therefore, Trooper Heck had not sufficiently corroborated the caller's reliability when he pulled Goodlataw over.

■ These two concepts—the category of "citizen informer" (as opposed to the traditional "police informer" who comes from the criminal milieu), and the necessity for police corroboration of an informer's tip—come from the law of probable cause as delineated in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). However, an investigatory stop need not be supported by probable cause; reasonable suspicion is sufficient. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Ebona v. State,* 577 P.2d 698, 700 (Alaska 1978); *Coleman v. State,* 553 P.2d 40, 43–47 (Alaska 1976).

■ *Terry, Ebona,* and *Coleman* establish that police officers have the authority to briefly detain citizens for investigative purposes even when the police lack probable cause to make an arrest. Requiring the police to satisfy the *Aguilar/Spinelli* test (that is, establish probable cause) to uphold an investigative stop would be fundamentally inconsistent with *Terry, Ebona,* and *Coleman.* We recognize that the *Effenbeck* opinion makes frequent reference to the various aspects of the *Aguilar/Spinelli* test when evaluating whether the anonymous citizen's report of a drunk driver gave the police reasonable suspicion to stop the described vehicle for further investigation. While the *Aguilar/Spinelli* test provides a useful framework for evaluating the trustworthiness of hearsay reports, that test cannot be determinative of a police officer's ability to make an investigative stop.

Judge Anderson decided that the concededly "subtle" differences between the facts of *Effenbeck* and the facts of Goodlataw's case did not invalidate Trooper Heck's decision to make an investigative stop of Goodlataw's car. This conclusion was not clearly erroneous.

The judgement of the district court is AFFIRMED.