**Michael MIX, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–5334.**

Court of Appeals of Alaska.

April 14, 1995.

---

Geoffry B. Wildridge, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

Gregory S. Fisher, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## ORDER

On consideration of appellant's motion for publication, filed on March 23, 1995,

IT IS ORDERED:

1. The motion for publication is GRANTED.

2. Memorandum Opinion and Judgment No. 3074, published on February 8, 1995, is WITHDRAWN.

3. Opinion No. 1405 is issued on this date in its place.

Entered at the direction of the Court on April 14, 1995, at Anchorage, Alaska.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

COATS, Judge.

Michael Mix pleaded no contest to driving while intoxicated (DWI) and driving while license suspended (DWLS), reserving his right to appeal the denial of his motion to suppress all evidence gathered after the stop of his car.[1] Mix argues that there was no reasonable suspicion to support the stop.

Fairbanks Police Officer Daniel Hoffman was the only witness at the evidentiary hearing on Mix's motion to suppress. Hoffman testified that on the day of Mix's arrest, he was on patrol when he heard the Alaska State Trooper (AST) dispatcher broadcast a "locate" for an intoxicated driver. Hoffman recalled the dispatcher saying, "We have information that a red Datsun hatchback, license [CKM495], is believed to have an intoxicated driver and is presently turning eastbound from Peger [Road] onto Airport [Way]." When he heard the dispatch, Hoffman was coming up on Airport Way, so he waited at the intersection of Airport and

---

1. See Oveson v. Anchorage, 574 P.2d 801 (Alaska 1978); Cooksey v. State, 524 P.2d 1251 (Alaska 1974).

Lathrop. About thirty seconds later, Hoffman saw a red Datsun hatchback coming down Airport Way from the direction of Peger Road. The Datsun's license number was that reported by the dispatcher. Hoffman pulled out behind the Datsun and stopped it. Mix was the driver of the Datsun, and Hoffman subsequently arrested him for DWI and DWLS.

Hoffman testified that his decision to stop Mix's car was based solely on what he had heard from the AST dispatcher and that at the time of the stop he had no idea who had made the report of an intoxicated driver.

Judge Kauvar denied the motion to suppress. The judge found that Hoffman had had a "reasonable basis" for stopping the car. She found that when Hoffman saw a car exactly meeting the dispatcher's description at exactly the place it was reported to be, only a very short time after the report came in, that was reason enough for him to stop the car.

Mix argues that Hoffman didn't have reasonable suspicion of DWI because he had no information regarding the reliability and basis of knowledge of the caller who reported the intoxicated driver, i.e., because the *Aguilar/Spinelli* [2] test was not satisfied.

▪ Under Alaska law, the *Aguilar/Spinelli* test must be satisfied if an informant's tip is to be used to establish probable cause for a search or an arrest. A brief investigative stop like the one in this case, however, need not be supported by probable cause, but only by a reasonable suspicion of imminent public danger. *See Coleman v. State*, 553 P.2d 40, 46 (Alaska 1976); *Goodlataw v. State*, 847 P.2d 589, 591 (Alaska App.1993). A tip need not necessarily satisfy the *Aguilar/Spinelli* test in order to contribute to a finding that reasonable suspicion existed to justify an investigative stop. *Goodlataw*, 847 P.2d at 591. The issue here is simply whether Hoffman had a reasonable suspicion that Mix was an intoxicated driver.

▪ Although the *Aguilar/Spinelli* test need not be met in order to establish reasonable suspicion, the test "provides a useful framework for evaluating the trustworthiness of hearsay reports[.]" *Id.* In both *Goodlataw* and *Effenbeck v. State*, 700 P.2d 811 (Alaska App.1985), we found reasonable suspicion for a stop where the officer conducting the stop observed no bad driving, but relied solely on an anonymous report of DWI. In each of those cases, however, unlike this one, the officer conducting the stop had some direct indication that the anonymous caller was a citizen informant speaking from personal knowledge of the driver's intoxication.

▪ In this case, Hoffman had absolutely no information about the circumstances leading to the "locate" broadcast by the AST dispatcher. He confirmed the presence of the car in its reported location. Standing alone, however, this provided him with no reasonable basis to suspect that the driver of the car was intoxicated. Taken in combination with the additional information, Hoffman had no further insight into the reliability of the information concerning the driver's intoxication. *Cf. Alabama v. White*, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) (corroboration of innocent facts sufficient to show reasonable suspicion where facts establish anonymous informant's ability to predict suspected further conduct). In fact, it was not even clear whether the "locate" was based on an anonymous tip at all. The danger inherent in this situation is obvious. As Professor LaFave has pointed out:

> [W]hen a police bulletin is accepted at face value when it is utilized only for purposes of making a stop, then there is no determination at all of reliability. Such acceptance is not only wrong, it could lead to ludicrous results; an officer could not make a stop on the basis of assertions from an anonymous informant made to him, but could bring about a lawful stop by the simple expedient of passing those assertions on to another officer.

3 Wayne R. LaFave, *Search and Seizure* § 9.3(f), at 488 (2nd ed. 1987) (footnotes omitted). Taking this line of reasoning one step further, if a dispatched "locate" could by itself create reasonable suspicion, an officer

---

**2.** *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

prompted not by a tip at all, but only by a hunch, could relay a description and license number through the dispatcher and thereby effectuate a lawful stop.

In this case, in which the officer making the stop had no indication that the "locate" was based on reliable firsthand information and in which the state presented no evidence that the dispatcher or some other officer had relevant knowledge that could possibly be imputed to Officer Hoffman, we cannot find that the stop was supported by a reasonable suspicion of imminent public danger. The district court erred in denying Mix's motion to suppress.

The judgment of the district court is REVERSED.